IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAWN MCDANIEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| COLDEBT COLLECTION SYSTEMS INC. | ) |
| (doing business as COLDEBT or CDCS), | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

## INTRODUCTION

1. Plaintiff Dawn McDaniel seeks redress from unlawful credit and collection practices engaged in by defendant Coldebt Collection Systems Inc. ("Coldebt"), in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA") the Illinois Collection Agency Act, 225 ILCS 425/1 *et seq*. ("ICAA"), and the Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction exists per 15 U.S.C. §1692k, and 28 U.S.C. §§1331, 1337 and 1367.

3. Venue and personal jurisdiction in this District are proper because

   (a) defendant's collection communications were received by plaintiff within this District,

   (b) defendant does business in this District, and

   (c) defendant's offices are located in this District.

## PARTIES

4. Plaintiff Dawn McDaniel resides in the Northern District of Illinois.

5. Defendant Coldebt is an Illinois corporation, with offices at 8 South Michigan, Suite 618, Chicago, Illinois 60603. It does business as "Coldebt," or as "CDCS."

6. Coldebt uses the mail and telephone systems to collect consumer debts originally owed to others.

7. On its website (https://coldebtcollections.com), Coldebt states that it "offers a variety of account receivable management programs and solutions. We are a full-service collection agency."

8. Coldebt is a "debt collector" as defined in the FDCPA.

9. Coldebt is a "collection agency" as defined in the ICAA, and is licensed as such by the Illinois Department of Financial and Professional Regulation.

**FACTS**

10. Defendant has been attempting to collect from plaintiff an alleged medical bill incurred (if at all) for personal, family or household purposes. On information and belief, the debt has not been reduced to judgment.

11. On or about November 20, 2013, a representative of Coldebt called Ms. McDaniel's place of employment. The caller spoke to the owner of the business, stating that he was calling on behalf of Advocate Health, which operates a group of hospitals and related offices in the Chicago metropolitan area. Coldebt's representative said he needed information to garnish plaintiff's wages, including how much money Ms. McDaniel made, and how long she had been working. After Ms. McDaniel's boss asked for something in writing identifying the caller, he left the telephone number (312) 759-3806, and the "reference number" 245609.

12. The number (312) 759-3806 is used by defendant, and is answered "CDCS."

13. Plaintiff did not receive any written notice from defendant prior to the call.

14. On the morning of December 23, 2013, Ms. McDaniel was contacted at her workplace by Coldebt's employee, who identified himself as Vern Williams. During that phone call, Mr. Williams said that Ms. McDaniel owed money on an account with Advocate Health, and was required to pay. When plaintiff disputed that she owed money to defendant on any

account, and said that she had received nothing in writing from defendant regarding the alleged debt, Mr. Williams said "you know that you owe this money." He also said that the alleged debt was incurred for care at Advocate Christ Medical Center in Oak Lawn, Illinois in 2011, and that, as a "Christian organization," Advocate Health did not "want to be putting people out at this time of year." Mr. Williams also told Ms. McDaniel that, if payment was not made, Coldebt "would be taking it to the next level."

15. Plaintiff was embarrassed, harassed and aggravated as a result of these two phone calls.

16. To date, plaintiff has received no written communications from Coldebt regarding the alleged debt.

17. To date, plaintiff has had no other communications with Coldebt other than the two phone calls described above.

## COUNT I – FDCPA

18. Plaintiff incorporates paragraphs 1-17.

19. Defendant violated 15 U.S.C. §1692c by contacting a third party and informing them that plaintiff owed a debt.

20. 15 U.S.C. 1692c(b) provides that,

**except as provided in [15 U.S.C. 1692b], without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector....**

21. 15 U.S.C. §1692b permits debt collectors to contact third-parties to obtain location information, so long as the collector does not state that a debt is owed. Defendant's November 20, 2013 phone call does not qualify as a permissible call under 15 U.S.C. §1692b.

22. Defendant's conduct violated 15 U.S.C. §1692d, which prohibits debt collectors

3

from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

23. Any threat made by defendant to garnish plaintiff's wages, without the entry of a judgment against plaintiff, violated 15 U.S.C. §1692e, which provides that

> **a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **(2) The false representation of –**
>
> **(A) the character, amount, or legal status of any debt....**
>
> **(4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action....**
>
> **(5) The threat to take any action that cannot legally be taken or that is not intended to be taken..... [or]**
>
> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

24. Defendant's conduct violated 15 U.S.C. §1692f, which requires debt collectors to "not use unfair or unconscionable means to collect or attempt to collect any debt."

25. Because defendant has provided no written communications to plaintiff, defendant violated 15 U.S.C. §1692g, which requires debt collectors to send to a debtor,

> **within five days after the initial communication with a consumer in connection with the collection of any debt.... a written notice containing –**
>
> **(1) the amount of the debt;**
>
> **(2) the name of the creditor to whom the debt is owed;**
>
> **(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**
>
> **(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is**

**disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**

**(5)** **a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for

    (a)    statutory damages,

    (b)    actual damages,

    (c)    attorney's fees, litigation expenses and costs of suit, and

    (d)    such other relief as the Court deems proper.

### COUNT II – ILLINOIS COLLECTION AGENCY ACT

26. Plaintiff incorporates paragraphs 1-17.

27. Defendant violated 225 ILCS 425/9 by

**(12)** **threatening the seizure, attachment or sale of a debtor's property where such action can only be taken pursuant to court order without disclosing that prior court proceedings are required....**

**(14)** **initiating or threatening to initiate communication with a debtor's employer unless there has been a default of the payment of the obligation for at least 30 days and at least 5 days prior written notice, to the last known address of the debtor, of the intention to communicate with the employer has been given to the employee, except as expressly permitted by law or court order....**

**(16)** **using.... abusive language in communicating with a debtor, his or her family or others....**

**(17)** **disclosing or threatening to disclose information relating to a debtor's indebtedness to any other person except where such other person has a legitimate business need for the information or except where such disclosure is regulated by law....**

**(20)** **attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist.... [and]**

      **(31)    engaging in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public.**

28.    Defendant violated 225 ILCS 425/9.2(b) by communicating with plaintiff's employer without cause. 225 ILCS 425/9.2(b) provides that,

> **except as provided in [225 ILCS 425/9.1], without the prior consent of the debtor given directly to the debt collector or collection agency or the express permission of a court of competent jurisdiction or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector or collection agency may not communicate, in connection with the collection of any debt, with any person other than the debtor, the debtor's attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the collection agency. . . .**

29.    225 ILCS 425/9.1 permits debt collectors to contact third-parties to obtain location information, so long as the collector does not state that a debt is owed. Defendant's November 20, 2013 phone call does not qualify as a permissible call under 225 ILCS 425/9.1.

30.    A private right of action exists for persons who suffer violations of the ICAA. *Sherman v. Field Clinic*, 74 Ill.App.3d 21, 392 N.E.2d 154 (1st Dist. 1979).

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for

    (a)    compensatory and punitive damages,

    (b)    costs, and

    (c)    such other relief as the Court deems proper.

### COUNT III – CONSUMER FRAUD ACT

31.    Plaintiff incorporates paragraphs 1-17.

32.    Defendant, as described above and in the conduct of trade and commerce, engaged in unfair or deceptive acts or practices, contrary to 815 ILCS 505/2.

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for

    (a)    compensatory and punitive damages,

      (b)    attorney's fees, litigation expenses and costs of suit, and

      (c)    such other relief as the Court deems proper.

                                     /s/ Daniel A. Edelman
                                     Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Thomas E. Soule
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 South LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

### NOTICE OF LIEN AND ASSIGNMENT

      Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                     /s/ Daniel A. Edelman
                                     Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 South LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DAWN MCDANIEL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| COLDEBT COLLECTION SYSTEMS INC. (doing business as COLDEBT or CDCS), | ) ) ) ) |
| Defendant. | ) ) |

## VERIFICATION OF COMPLAINT

I, Dawn McDaniel, hereby declare, under penalty of perjury, and pursuant to 28 U.S.C. §1746 and all other applicable laws and rules, that I have read the foregoing complaint against Coldebt Collection Systems Inc., and that the facts stated in the complaint are true to the best of my knowledge and belief.

Executed by me on this day, January 15, 2014.

_Dawn McDaniel_
Dawn McDaniel